PD-1513-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/23/2015 9:51:01 AM
Accepted 11/23/2015 11:31:10 AM
ABEL ACOSTA
CLERK

# THE COURT OF CRIMINAL APPEALS

# OF TEXAS

---

NOE SALINAS                                                    APPELLANT

V.

THE STATE OF TEXAS                                            APPELLEE

---

Petition in Cause No. 13-13-00627-CR

Tr. Ct. No. 12-CR-2845-F

214th District Court of Nueces County, Texas,

and the Court of Appeals for the

Thirteenth Supreme Judicial District of Texas,

Corpus Christi, Texas

---

## PETITION FOR DISCRETIONARY REVIEW

---

STEVE SCHIWETZ

State Bar No. 17750900

P.O. Box 2581

Corpus Christi, Texas 78403

BUS: (361) 888-8038

FAX: (361) 888-8469

ATTORNEY FOR APPELLANT

FILED IN
COURT OF CRIMINAL APPEALS

November 23, 2015

ABEL ACOSTA, CLERK

# TABLE OF CONTENTS

Page

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . ii

IDENTIFICATION OF JUDGE, PARTIES AND COUNSEL . . . 2

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . 3

STATEMENT OF PROCEDURAL HISTORY . . . . . . . . . . 3

STATEMENT OF THE CASE . . . . . . . . . . . . . . . 3

GROUNDS FOR REVIEW . . . . . . . . . . . . . . . . 4

## GROUNDS FOR REVIEW

## ISSUE 1

THE COURT OF APPEALS ERRED WHEN IT DENIED PETITIONER'S CLAIM THAT HE WAS DENIED DUE PROCESS BECAUSE STATE LAW DENIES A PENALTY PHASE HEARING IN WHICH HE COULD HAVE PRESENTED MITIGATING EVIDENCE THAT HIS ACTS WERE A RESULT OF SUDDEN PASSION ARISING FROM ADEQUATE CAUSE.

ARGUMENT . . . . . . . . . . . . . . . . . . . . . 4

PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . 8

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . 9

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . 9

APPENDIX "A" . . . . . . . . . . . . . . . . . . . 10

i

# INDEX OF AUTHORITIES

Cases:

Buhl v. State, 960 S.W.2d 927 (Tex. App. - Waco, 1998, pet. ref'd.) . . . . . . . . . . . . . . . . . . 5

Hammelin v. Michigan, 501 U.S. 957 (1991) . . . . 5

Woodson v. North Carolina, 428 U.S. 280 (1976) . . . 5

Lockett v. Ohio, 438 U.S. 586 . . . . . . . . . . 6

Eddings v. Oklahoma, 455 U.S. 104 (1982) . . . . . . 6

Lennard v. Dretice, 542 U.S. 274 (2004) . . . . . . . 6


Rules and Codes:

47.2(b), Texas Rules of Appellate Procedure . . . 3

Section 19.03 (a)(7), Texas Penal Code . . . . 3/5

Article 37.071, Section 1, Texas Code of Criminal Procedure . . . . . . . . . . . . . . . . . . . . . 3/5

66.3, Texas Rules of Appellate Procedure . . . . . 4

Section 19.02(d), Texas Penal Code . . . . . . . . . 7

Eight Amendment, U.S. Constitution . . . . . . . . . 7

Fourth Amendment, U.S. Constitution . . . . . . . . 7

9.4(i)(3), Texas Rules of Appellate Procedure . . . 9

9.4(i)(1), Texas Rules of Appellate Procedure . . . 9

# THE COURT OF CRIMINAL APPEALS

## OF TEXAS

---

NOE SALINAS

APPELLANT

V.

THE STATE OF TEXAS

APPELLEE

---

Petition in Cause No. 13-13-00627-CR

Tr. Ct. No. 12-CR-2845-F

214th District Court of Nueces County, Texas,

and the Court of Appeals for the

Thirteenth Supreme Judicial District of Texas,

Corpus Christi, Texas

---

## PETITION FOR DISCRETIONARY REVIEW

---

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

NOE SALINAS, hereinafter referred to as Petitioner, respectfully petitions the Court of Criminal Appeals to review the judgment of the 13th Court of Appeals which had affirmed his conviction as per that judgment in Cause No. 12-CR-2845-F as set forth in Appendix "A"

1

which is attached hereto and incorporated by reference herein for any purpose.

## IDENTIFICATION OF JUDGE, PARTIES AND COUNSEL

Trial Judge was the Honorable Jose Longoria of the 214th Judicial District Court in Nueces County, Texas. The Parties were the Petitioner Noe Salinas and Respondent State of Texas. At trial, the Petition was represented by Attorney James Lawrence, 1743 Third Street, Corpus Christi, TX 78404. Presenting for the Sate were from the District Attorney's Office at 901 Leopard Street, Room 208, Corpus Christi, TX 78401. Mark Skurka was and is the District Attorney and the case was presented by his Assistants Retha Cable and Michelle Putman.

Petitioner was represented on appeal by Steve Schiwetz, PO Box 2581, Corpus Christi, TX 78403 and the State's brief was submitted by District Attorney Mark Skurka and his Assistant James Rosenkild, whose address is the same as Mr. Skurka.

2

## ORAL ARGUMENT

Oral Argument is waived.

## STATEMENT OF PROCEDURAL HISTORY

On October 22, 2015, the Court of Appeals for the Thirteenth Judicial District at Corpus Christi, Texas, affirmed Appellant's conviction in an opinion ordered not published under Tex. R. App. P. 47.2(b). Petitioner proceeded on this Petition for Discretionary Review.

## STATEMENT OF THE CASE

The Petitioner Salinas was indicted for the offense of capital murder pursuant to Texas Penal Code An. Sec. 19.03 (a)(7). The State did not seek the death penalty. The case was tried before a jury in the 214th District Court and the Defendant was found guilty and his punishment was assessed at life without parole, in accordance with Article 37.071, Sec. 1 of the Texas Code of Criminal Procedure.

3

Appellant perfected his appeal by filing with the District Clerk of Nueces County, Texas, in writing his Notice of Appeal.

## GROUNDS FOR REVIEW

### ISSUE 1

THE COURT OF APPEALS ERRED WHEN IT DENIED PETITIONER'S CLAIM THAT HE WAS DENIED DUE PROCESS BECAUSE STATE LAW DENIES A PENALTY PHASE HEARING IN WHICH HE COULD HAVE PRESENTED MITIGATING EVIDENCE THAT HIS ACTS WERE A RESULT OF SUDDEN PASSION ARISING FROM ADEQUATE CAUSE.

### ARGUMENT

Texas Rule of Appellate Procedure 66.3 provides that the Court of Criminal Appeals will consider certain factors in determining whether discretionary review will be granted. Tex. R. App. P. 66.3. It also states that those six considerations will not control nor fully measure the Court's discretion. Other matters may be considered in this Court's discretion.

4

Because of the State's choice to waive the death penalty and the conviction of the two murders as individual offenses, Petitioner was precluded from allowing the jury to ever consider sudden passion arising from adequate cause in mitigation. Art. 37.071, Texas Code of Criminal Procedure.

In its opinion, the intermediate court cited a State case, Buhl v. State, 960 S.W.2d 927 (Tex. App. – Waco, 1998, pet. ref'd.) which is tautological and a U.S. Supreme Court case, Hammelin v. Michigan, 501 U.S. 957 (1991), which was not even a capital case, but a drug case and thus inapposite to the case at bar.

Capital sentencing is not an area in which the State is free to engage in willful limitations on discretion. See Woodson v. North Carolina, 428 U.S. 280 (1976).

Texas' capital sentencing scheme allows the prosecution as a capital offense instances in which a person kills more than one person. Texas Penal Code, Section 19.03 (a)(7). That is the provision which

allowed the State to prosecute Mr. Salinas for capital murder as opposed to two separate murders.

If a person is convicted under the present scheme, the jury is allowed the option of considering mitigating evidence in determining whether the death penalty should be inflicted. This is in accord with longstanding caselaw which holds that the jury should not be precluded from considering relevant mitigation evidence. There are virtually no limits placed on mitigating evidence. Lockett v. Ohio, 438 U.S. 586; Eddings v. Oklahoma, 455 U.S. 104 (1982); Lennard v. Dretice, 542 U.S. 274 (2004).

The purpose of giving the jury the option of assessing a sentence of life without parole is to mitigate the harsher sanction of the death penalty.

But in adding the category of capital cases to include multiple homicides in one instance, the State in effect precluded consideration of one type of mitigation which juries have always been allowed to

6

consider, namely, sudden passion arising from adequate cause. See Texas Penal Code, Section 19.02(d).

Had the Defendant been allowed punishment hearings on either of the two killings, he could have and would have argued for an instruction on sudden passion arising from adequate cause and would have been entitled to such an instruction.

By enacting a statutory scheme which precludes the consideration of evidence which would be relevant in a non-capital case, the State engaged in conduct that is capricious and is not supporting any legitimate State interest and thus is a defiance of the Petitioner's rights under the Eight Amendment of the U.S. Constitution and the Fourth Amendment.

## PRAYER FOR RELIEF

For **ALL** the reasons stated above, Petitioner respectfully requests that the Honorable Court of Criminal Appeals reverse the trial court's judgment, set aside the sentence of Appellant, and remand the case back to the trial court for a new trial.

RESPECTFULLY SUBMITTED:


/s/ Steve Schiwetz
Steve Schiwetz
Attorney for Appellant
State Bar No. 17750900
P.O. Box 2581
Corpus Christi, Texas 78403
BUS: (361) 888-8038
FAX: (361) 888-8469

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Appellant's Brief was delivered to the Nueces County District Attorney's Office, Nueces County Courthouse, 901 Leopard St., Corpus Christi, Texas 78401, by Hand-Delivery.

/s/ Steve Schiwetz
Steve Schiwetz
Attorney for Appellant

## CERTIFICATE OF COMPLIANCE
## UNDER RULE 9.4 (i), TRAP

Please be advised that in compliance with Texas Rule of Appellate Procedure 9.4(i)(3), as amended, I certify that the number of words in this brief, excluding those matters listed in Rule 94 (i)(1), is 1,087 as per the computer count.

/s/ Steve Schiwetz
Steve Schiwetz
Attorney for Appellant

APPENDIX "A"



NUMBER 13-13-00627-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

NOE ADRIAN SALINAS,                                         **Appellant,**

**v.**

THE STATE OF TEXAS,                                        **Appellee.**

On appeal from the 214th District Court
of Nueces County, Texas.

# MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Perkes
Memorandum Opinion by Chief Justice Valdez

Appellant, Noe Salinas, appeals his conviction by a jury of the offense of capital murder in which the State did not seek the death penalty. *See* TEX. PENAL CODE ANN. § 19.03(a)(7) (West, Westlaw through 2015 R.S.). The trial court assessed appellant's punishment, in accordance with article 37.071 section 1 of the Texas Code of Criminal Procedure, at life imprisonment without parole. *See*

TEX. CODE CRIM. PROC. ANN. art. 37.071 § 1 (West, Westlaw through 2015 R.S.). By one issue, appellant contends that his life sentence violates the Eighth and Fourteenth Amendments of the United States Constitution. We affirm.[1]

## I. CRUEL AND UNUSUAL PUNISHMENT

The Eighth Amendment to the United States Constitution prohibits the government from inflicting cruel and unusual punishment against a criminal defendant. *See* U.S. CONST. amend. VIII. The Texas legislature has determined that when a criminal defendant is convicted of capital murder, the defendant is subject to either the penalty of death or life imprisonment without the possibility of parole. *See* TEX. PENAL CODE ANN. § 12.31(a) (West, Westlaw through 2015 R.S.). If the State chooses not to seek the death penalty, there is no penalty phase of the trial during which the defendant may present mitigating evidence; instead, by statute, the trial judge is required to automatically impose a life sentence, which is what the trial court did in this case after the jury found appellant guilty of capital murder. *See* TEX. CODE CRIM. PROC. ANN. art. 37.071 § 1.

By his sole issue, appellant argues that this mandatory sentencing scheme violates the cruel-and-unusual-punishment prohibition of the Eighth Amendment because it prevented him from raising the issue of "sudden passion" to mitigate his life sentence—a defense which appellant contends the evidence at his trial would have supported had he not been statutorily deprived of a punishment trial.[2] The

---

[1] As this is a memorandum opinion, and the parties are familiar with the facts, we will not recite them except as necessary to explain the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

[2] "Sudden passion" is a mitigating circumstance to the offense of murder that, if proven by a defendant, reduces the punishment range for the offense from a first degree felony to a second degree felony. *See* TEX. PENAL CODE ANN. § 19.02(d) (West, Westlaw through 2015 R.S.). By statute, the mitigating circumstance of sudden passion is only available to a murder defendant—

2

State contends, among other things, that appellant waived this issue because he did not raise a proper objection in the trial court. We agree with the State.

In general, a challenge to the constitutionality of a statute cannot be made for the first time on appeal. *See Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (holding that a facial challenge to constitutionality of statute could not be made for first time on appeal); *Sony v. State*, 307 S.W.3d 348, 352 (Tex. App.—San Antonio 2009, no pet.) (citing *Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995)) (holding that an "as applied" challenge to constitutionality of statute could not be made for first time on appeal); *see also Kaizer v. State*, 13-11-00566-CR, 2013 WL 3009742, at *6 (Tex. App.—Corpus Christi June 13, 2013, pet. ref'd) (mem. op., not designated for publication); *Pena v. State*, No. 13-14-00120-CR, 2014 WL 4161562, at *5 (Tex. App.—Corpus Christi Aug. 21, 2014, no pet.) (mem. op., not designated for publication). Here, appellant did not object to the constitutionality of his automatic life sentence at trial; therefore he has waived the issue for our review. *See* TEX. R. APP. P. 33.1(a).

But even were we to reach the merits of appellant's constitutional challenge, we note that the United States Supreme Court has held that a state sentencing scheme that calls for an automatic sentence of life imprisonment without parole does not constitute cruel and unusual punishment within the meaning of the Eighth Amendment. *See Harmelin v. Michigan*, 501 U.S. 957, 994 (1991); *see also Buhl v. State*, 960 S.W.2d 927, 935–36 (Tex. App.—Waco 1998, pet. ref'd) (holding that

---

not a capital murder defendant, such as appellant, whose punishment is fixed at automatic life imprisonment without parole. TEX. CODE CRIM. PROC. ANN. art. 37.071 § 1 (West, Westlaw through 2015 R.S.); TEX. PENAL CODE ANN. § 12.31(a)(2) (West, Westlaw through 2015 R.S.).

3

automatic life sentence under article 37.071 did not violate defendant's Eighth Amendment or due process rights); *Lopez v. State*, No. 13-12-00306-CR, 2013 WL 6924169, at *11 (Tex. App.—Corpus Christi Dec. 30, 2013, pet. ref'd) (mem. op., not designated for publication). We therefore overrule appellant's sole issue.

## II. CONCLUSION

We affirm the judgment of the trial court.

/s/ **Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
22nd day of October, 2015.

4